**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
LEWIS T. BABCOCK, CHIEF JUDGE**

Civil Action No. 06-cv-01145 - LTB- PAC

COALITION FOR EQUAL RIGHTS, INC.,
a Colorado Corporation; and
SHARI WARREN, d/b/a SPIRIT KEEPER,

     Plaintiffs,
v.

BILL OWENS, GOVERNOR, State of Colorado;
JOHN SUTHERS, Colorado Attorney General;
RICK GRICE, Executive Director, Colorado
Department of Labor and Employment;
JOE MORALES, Executive Director, Colorado
Department of Public Safety;
DENNIS ELLIS, Executive Director, Colorado
Department of Public Health and Environment;
MIKE COFFMAN, Colorado State Treasurer;
All in their official capacities, and
SCOTT WILLIAM STOREY, in his official
Capacity as District Attorney, First Judicial
District;
MICHAEL RICHARD MORRISSEY, in his
Official capacity as District Attorney, Second
Judicial District;
LEE ALLEN HAWKE, in his official capacity as
District Attorney, Third Judicial District;
JOHN R. NEWSOME, in his official capacity as
District Attorney, Fourth Judicial District;
MARK D. HURLBERT, in his official capacity as
District Attorney, Fifth Judicial District;
CRAIG STEPHEN WESTBERG, in his official
Capacity as District Attorney, Sixth Judicial District;
GEOFFREY R. NIMS, in his official capacity as
District Attorney, Seventh Judicial District;
LARRY R. ABRAHAMSON, in his official
Capacity as District Attorney, Eighth Judicial District;
COLLEN. D. TRUDEN, in her official capacity
As District Attorney, Ninth Judicial District;
WILLIAM THIEBAUT JR., in his official

Capacity as District Attorney, Tenth Judicial District;
MOLLY K. CHILSON, in her official capacity as District Attorney, Eleventh Judicial District;
PETER L. COMAR, in his official capacity as District Attorney, Twelfth Judicial District;
ROBERT E. WATSON, in his official capacity as District Attorney, Thirteenth Judicial District.
BONNIE S. ROESINK, in her official capacity as District Attorney, Fourteenth Judicial District;
MICHAEL JOHN DAVIDSON, in his official Capacity as District Attorney, Fifteenth Judicial District;
RODNEY DANN FOURACRE, in his official Capacity as District Attorney, Sixteenth Judicial District;
DONALD SPENCE QUICK, in his official Capacity as District Attorney, Seventeenth Judicial District;
CAROL A. CHAMBERS, in her official capacity as District Attorney, Eighteenth Judicial District;
KENNETH R. BUCK, in his official capacity as District Attorney, Nineteenth Judicial District;
MARY T. LACY, in her official capacity as District Attorney, Twentieth Judicial District;
PETER G. HAUTZINGER, in his official capacity as District Attorney, Twenty-First Judicial District;
JAMES W. WILSON, in his official capacity as District Attorney, Twenty-Second Judicial District; and
THE STATE OF COLORADO,

Defendants.

_____

Order
_____

Defendants Bill Owens, John Suthers, Rick Grice, Joe Morales, Dennis Ellis and the State of Colorado, ("the State defendants") move to dismiss for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) a complaint by plaintiffs Coalition for Equal Rights ("CER") and Shari

Warren ("Warren") seeking injunctive relief to prevent a Colorado statute banning indoor smoking from going into effect. Plaintiffs filed suit against the State defendants and against all twenty-two district attorneys in Colorado. For the reasons stated below, the State defendants' motion is DENIED.

## I.  BACKGROUND

Plaintiffs filed a motion for temporary restraining order to prevent implementation and enforcement of the Colorado Clean Indoor Air Act ("the Act"), arguing that it violates their rights under the Constitution of the United States and the State of Colorado. The Act, signed into law March 27, 2006, will go into effect July 1, 2006. The Act states that "it is in the best interest of the people of this state to protect nonsmokers from involuntary exposure to environmental tobacco smoke in most indoor areas,", and establishes broad restrictions on indoor smoking. The Act prohibits indoor smoking in most indoor areas, including "any place of employment that is not exempted," 25-14-204(1)(k)(I), "food service establishments," 25-14-204(l), "bars" (m), "limited gaming facilities and any other facilities in which any gaming or gambling activity is conducted," (n), "billiard or pool halls," (s), and "facilities in which games of chance are conduced,"(t).

Plaintiff CER is a non-profit corporation based in Colorado. It is an association of more than 500 business owners, including bars and taverns, bowling alleys, billiard clubs, restaurants, liquor stores and others. Many CER member-businesses allow smoking, either in part or all of their establishments, to accommodate their customers who smoke. Plaintiff Warren is the owner of Spirit Keeper Tavern in Black Forest, Colorado. Spirit Keeper is licensed to serve alcoholic beverages and offers live music, cards, billiards and other entertainment. According to Warren's affidavit, at least 90 percent of the patrons smoke, and she allows smoking throughout the

restaurant.

The State defendants are the Governor of Colorado, the Attorney General of Colorado, the Executive Director of the Department of Labor and Employment, the Executive Director of the Department of Public Safety, the Executive Director of the Department of Public Health and Environment and the State Treasurer. The state defendants filed this motion to dismiss for lack of subject matter jurisdiction, claiming that plaintiffs lack standing to bring these claims against them.

## II. DISCUSSION

The State Defendants challenge the plaintiffs' standing to bring this suit against them. They argue that the constitutional requirement for a case or controversy means plaintiffs must suffer an actual or imminent "injury in fact," this injury must be "fairly traceable to the defendant," and plaintiffs must show that the relief requested will address this injury. *Nova Health Systems v. Gandy,* 416 F.3d 1149, 1154 (10th Cir. 2006), [citing *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560 (1992).] "Plaintiffs, as the parties asserting jurisdiction, bear the burden of establishing that they have satisfied these three elements." *Aid for Women v. Foulston,* 441 F.3d 1101, 1109 (10th Cir. 2006).

The State defendants argue that plaintiffs cannot show either causation or redressability as to the State defendants. The State defendants contend that they have no role in implementing or enforcing the Act, since the Act is purely a criminal statute enforced by the State's District Attorneys. Because District Attorneys in Colorado act independently of the Governor and other state officers, there is no causal connection between the State defendants and the plaintiffs' alleged injuries. Additionally, since the State defendants play no role under the Act, a TRO

4

imposed on them will not provide plaintiffs the relief they request.

First, I disagree that the Act is purely "criminal. My reading of the Act is that it is <u>both</u> regulatory and criminal. The Act is placed in the Section 25 of the Colorado Revised Statutes, entitled "Health." It is contained in Article 14, entitled "Control of Smoking," sandwiched between Article 13, "Recreation Land Preservation," and Article 15, "Hazardous Waste." This placement amidst these other regulatory provisions of the Colorado Revised Statutes shows the nature of the Act as a regulatory measure.

Second, Colorado law establishing the mutual roles of the Governor, the Attorney General and the district attorneys does not support the State defendants' argument. Col. Rev. Stat. § 24-31-101(1)(a) establishes that the Attorney General represents the state in all civil and criminal cases where the state is a party. Similarly, according to Col. Rev. Stat. § 24-31-101(1)(b), the Attorney General, at the request of the Governor or other state officers, must "prosecute or defend all suits relating to matters connected with their departments." Moreover, when the Governor requests the Attorney General to take on a case on behalf of the state, the Attorney General becomes, effectively, the district attorney, and exercises all of the powers of the district attorney. *People on Information of Witcher v. District Court In and For Fremen County in Eleventh Judicial Dist., Southern Division,* 549 P.2d 778, 780 (Colo. 1976).

The State defendants contend that the Act confers on District Attorneys the sole responsibility for prosecuting and enforcing the Act. But *Witcher* holds explicitly that the Attorney General's authority to act on behalf the state, when so requested by the Governor, co-exists with that of District Attorneys. *Id.* at 780. Since the Constitution requires the Governor to "take care that the laws be faithfully executed," Colo. Const. art 4 §2, nothing in the Act prevents

5

the Governor from using his statutory and constitutional authority to order the Attorney General to enforce the Act. Indeed, this is the Governor's duty under the Constitution. Additionally, State defendant Mike Coffman has explicit duties under Col. Rev. Stat. § 25-14-208(4) to distribute proceeds from criminal fines generated through enforcement of the Act.

In sum, the state defendants do have legal obligations to enforce this Act, both under the Act itself and under prevailing Colorado law. These duties establish a sufficient causal link to defendants to justify the Constitutional requirement of a case and controversy. These obligations also establish redressability, since if plaintiffs' suit is successful neither the Governor nor the Attorney General will be able to enforce or make prosecutions for violations of the Act.

Therefore it is so Ordered that:

Defendants' Motion to Dismiss Plaintiff's Motion for Temporary Restraining Order Pursuant to Rule 12(b)(1) (docket #14) is DENIED.

**DONE and ORDERED,** this   23rd   day of June, 2006 at Denver, Colorado.

                                                           s/Lewis T. Babcock
                                                           United States District Chief Judge